Jason Barrat; AZ Bar No. 029086
**WEILER LAW PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
www.weilerlaw.com
jbarrat@weilerlaw.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Indica McWhorter**, an Arizona resident; **Brina Martin**, an Arizona resident; **Amber Madison**, an Arizona resident; and **Eddie Taylor**, an Arizona resident; <br><br> Plaintiffs, <br><br> v. <br><br> **ABM Industry Groups, LLC**, a Texas company; <br><br> Defendant. | Case No. <br><br> **VERIFIED COMPLAINT** <br><br> **(Jury Trial Requested)** |

Plaintiffs Indica McWhorter; Brina Martin; Amber Madison; and Eddie Taylor (**"Plaintiffs")**, for their Verified Complaint against Defendant ABM Industry Groups, LLC (**"ABM"**), hereby allege as follows:

### NATURE OF THE CASE

1.  Plaintiffs bring this action against Defendant for its unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**" or "**AMWS**"); and failure to make timely payment of wages under the Arizona

Wage Statute, A.R.S. §§ 23-350 – 23-355 ("**Arizona Wage Statute**" or "**AWS**").

2. This action is also brought to recover overtime and minimum wage compensation, liquidated or double damages, treble damages, and statutory penalties resulting from Defendant's violations of the FLSA and AMWS.

3. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendant's violations of the Arizona Wage Statute.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

6. Plaintiffs' state law claims are sufficiently related to their federal claims that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claims under the AMWS and AWS pursuant to 28 U.S.C. § 1367.

7. Plaintiffs were employed by Defendants in this District.

## PARTIES

8. At all relevant times to the matters alleged herein, Plaintiff Indica McWhorter resided in the District of Arizona.

9. At all relevant times to the matters alleged herein, Plaintiff Brina Martin resided in the District of Arizona.

10. At all relevant times to the matters alleged herein, Plaintiff Amber Madison resided in the District of Arizona.

11. At all relevant times to the matters alleged herein, Plaintiff Eddie Taylor resided in the District of Arizona

12. Plaintiff Indica McWhorter was/is a full-time employee of Defendant from on or around April 11, 2022 until in or around May 2022 and on or around November 22, 2022 until present.

13. Plaintiff Brina Martin was/is a full-time employee of Defendant from on or around November 16, 2022 until present.

14. Plaintiff Amber Madison was/is a full-time employee of Defendant from on or around November 6, 2022 until present.

15. Plaintiff Eddie Taylor was a full-time employee of Defendant from on or around November 10, 2022 until on or around January 5, 2023.

16. At all relevant times to the matters alleged herein, Plaintiff Indica McWhorter was an employee of Defendant as defined by 29 U.S.C. § 203(e)(1).

17. At all relevant times to the matters alleged herein, Plaintiff Brina Martin was an employee of Defendant as defined by 29 U.S.C. § 203(e)(1).

18. At all relevant times to the matters alleged herein, Plaintiff Amber Madison was an employee of Defendant as defined by 29 U.S.C. § 203(e)(1).

19. At all relevant times to the matters alleged herein, Plaintiff Eddie Taylor was an employee of Defendant as defined by 29 U.S.C. § 203(e)(1).

20. At all relevant times to the matters alleged herein, Plaintiff Indica McWhorter was an employee of Defendant as defined by A.R.S. § 23-362(A).

21. At all relevant times to the matters alleged herein, Plaintiff Brina Martin was an employee of Defendant as defined by A.R.S. § 23-362(A).

22. At all relevant times to the matters alleged herein, Plaintiff Amber Madison was an employee of Defendant as defined by A.R.S. § 23-362(A).

23. At all relevant times to the matters alleged herein, Plaintiff Eddie Taylor was an employee of Defendant as defined by A.R.S. § 23-362(A).

24. At all relevant times, Plaintiff Indica McWhorter was an employee Defendant as defined by A.R.S. § 23-350(2).

25. At all relevant times, Plaintiff Brina Martin was an employee Defendant as defined by A.R.S. § 23-350(2).

26. At all relevant times, Plaintiff Amber Madison was an employee Defendant as defined by A.R.S. § 23-350(2).

27. At all relevant times, Plaintiff Eddie Taylor was an employee Defendant as defined by A.R.S. § 23-350(2).

28. Defendant is a company authorized to do business in Arizona.

29. At all relevant times to the matters alleged herein, Defendant ABM was Plaintiffs' employer as defined by 29 U.S.C. § 203(d).

30. At all relevant times to the matters alleged herein, Defendant ABM was Plaintiffs' employer as defined by A.R.S. § 23-362(B).

31. At all relevant times to the matters alleged herein, Defendant ABM was Plaintiffs' employer as defined by A.R.S. § 23-350(3).

32. Plaintiffs have a good faith reasonable belief that in their work for Defendant, they were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2022.

33. Plaintiffs have a good faith reasonable belief that in their work for Defendant,

they were employed by an enterprise engaged in commerce that had and/or will have annual gross sales of at least $500,000 in 2023.

34. At all relevant times, Plaintiffs, in their work for Defendant, were engaged in commerce or the production of goods for commerce.

35. At all relevant times, Plaintiffs, in their work for Defendant, were engaged in interstate commerce.

36. Plaintiffs, in their work for Defendant, regularly handled goods produced and transported in interstate commerce.

37. Plaintiffs would use the telephone and email to communicate while working.

38. Under the FLSA, Plaintiffs are covered employees under individual coverage.

39. Under the FLSA, Plaintiffs are covered employees under enterprise coverage.

**FACTUAL ALLEGATIONS**

40. The entity Defendant is a cleaning company.

41. Plaintiff Indica McWhorter is/was a cleaner.

42. Plaintiff Brina Martin is/was a janitor.

43. Plaintiff Amber Madison is/was a cleaner.

44. Plaintiff Eddie Taylor is/was a cleaner.

45. Plaintiff Indica McWhorter's primary job duties included sweeping and cleaning.

46. Plaintiff Brina Martin's primary job duties included sweeping and cleaning.

47. Plaintiff Amber Madison's primary job duties included sweeping and

cleaning.

48. Plaintiff Eddie Taylor's primary job duties included sweeping and cleaning.

49. From on or around April 11, 2022, until on or around May 2022, Plaintiff Indica McWhorter was paid 17.00 hr.

50. From on or around November 22, 2022 to present, Plaintiff Indica McWhorter was/is paid $20.00 hr.

51. From on or around November 16, 2022 to present, Plaintiff Brina Martin was/is paid $20.00 hr.

52. From on or around November 6, 2022 to on or around November 21, Plaintiff Amber Madison was/is paid $19.00 hr.

53. From on or around November 21, 2022 to present, Plaintiff Amber Madison was/is paid $20.00 hr.

54. From on or around November 10, 2022 until on or around January 5, 2023, Plaintiff Eddie Taylor was/is paid $19.00 hr.

55. Plaintiffs were non-exempt employees.

56. Plaintiffs were paid below minimum wage for the hours they worked.

57. Plaintiff Indica McWhorter is missing a paycheck in the amount of $1,100 for April of 2022.

58. Plaintiff Indica McWhorter is missing a paycheck in the amount of $900 for November of 2022.

59. For paychecks Plaintiff Indica McWhorter has received, she has been shorted hours.

60. Plaintiff Indica McWhorter estimates that she is missing additional wages in

the amount of $1,500.

61. Plaintiff Indica McWhorter submitted a missing hours claim to Defendants on December 16, 2022, and still has not been paid for the missing hours.

62. Plaintiff Brina Martin is missing a paycheck in the amount of $720 for the pay period of November 16, 2022.

63. Plaintiff Brina Martin is missing wages in the amount of $500 for the pay period of December 25, 2022.

64. Plaintiff Amber Madison is missing a paycheck in the amount of $1,330 for the pay period of November 14, 2022.

65. Plaintiff Amber Madison is missing wage differential for her hourly rate not being adjusted from $19.00 an hour to $20.00 an hour for the time period of November 21, 2022 until December 24, 2022.

66. Plaintiff Eddie Taylor is missing wages in the amount of $760 for the pay period of December 25, 2022.

67. Therefore, because Plaintiffs received $0.00 for their missing paychecks for hours worked, an FLSA and AMWS violation has occurred.

68. Defendant failed to properly compensate Plaintiffs for all their overtime and regular hours.

69. Plaintiffs worked in excess of 40 hours per week.

70. Plaintiffs were not provided with the required one and one-half times pay premium as required by the FLSA for all his worked overtime hours.

71. For example, during the work week of December 25, 2022, Plaintiff Indica McWhorter estimates that she worked 50 hours and did not receive overtime wages.

72. For example, during the work week of December 25, 2022, Plaintiff Brina Martin estimates that she worked 50 hours and did not receive overtime wages.

73. For example, during the work week of December 14, 2022, Plaintiff Amber Madison estimates that she worked 60 hours and did not receive overtime wages.

74. For example, during the work week of December 25, 2022, Plaintiff Eddie Taylor estimates that he worked 50 hours and did not receive overtime wages.

75. Defendant was aware that Plaintiffs' working hours exceeded 40 hours.

76. Defendant required Plaintiffs to work overtime as a condition of their employment.

77. Defendant wrongfully withheld wages from Plaintiffs by failing to pay all wages due on their next paycheck.

78. Defendant refused and/or failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

79. Defendant failed to post and keep posted in a conspicuous place the required poster / notice explaining his employee rights under the FLSA pursuant to 29 C.F.R. § 516.4.

80. Defendant's failure and/or refusal to compensate Plaintiffs at the rates and amounts required by the FLSA were willful.

### COUNT I
### (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

81. Plaintiffs incorporate by reference all of the above allegations as though fully set forth herein.

82. At all relevant times, Plaintiffs were employed by Defendant within the meaning of the FLSA.

83. Plaintiffs were employees entitled to the statutorily mandated minimum wage.

84. Defendant has intentionally failed and/or refused to pay Plaintiffs' minimum wage according to the provisions of the FLSA.

85. As a direct result of Defendant's violations of the FLSA, Plaintiffs have suffered damages by not receiving compensation in accordance with 29 U.S.C. § 206.

86. In addition to the amount of unpaid minimum wages owed to Plaintiffs, they are entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

87. Defendant's actions in failing to compensate Plaintiffs, in violation of the FLSA, were willful.

88. Defendant knew Plaintiffs were not being compensated full minimum wages for time worked.

89. Defendant knew their failure to pay minimum wage was a violation of the FLSA.

90. Defendant has not made a good faith effort to comply with the FLSA.

91. Plaintiffs are also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

### COUNT II
### (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

92. Plaintiffs incorporate by reference all of the above allegations as though fully set forth herein.

93. At all relevant times, Plaintiffs were employed by Defendant within the

meaning of the Arizona Minimum Wage Statute.

94. Defendant intentionally failed and/or refused to pay Plaintiffs' full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

95. In addition to the amount of unpaid minimum wage owed to Plaintiffs, they are entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

96. Plaintiffs are also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT III
### (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

97. Plaintiffs incorporate by reference all of the above allegations as though fully set forth herein.

98. At all relevant times, Plaintiffs were employed by Defendant within the meaning of the FLSA.

99. Plaintiffs are employees entitled to the statutorily mandated overtime wages.

100. Defendant has intentionally failed and/or refused to pay Plaintiffs' overtime wages according to the provisions of the FLSA.

101. As a direct result of Defendant's violations of the FLSA, Plaintiffs have suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

102. In addition to the amount of unpaid overtime wages owed to Plaintiffs, they are entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

103. Defendant's actions in failing to compensate Plaintiffs, in violation of the FLSA, were willful.

104. Defendant knew Plaintiffs were not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages.

105. Defendant knew their failure to pay overtime wages was a violation of the FLSA.

106. Defendant has not made a good faith effort to comply with the FLSA.

107. Plaintiffs are also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT IV
## (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)

108. Plaintiffs incorporate by reference all of the above allegations as though fully set forth herein.

109. At all relevant times, Plaintiffs were employed by Defendant within the meaning of the Arizona Wage Statute.

110. Defendant was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

111. Defendant was aware that, under A.R.S. § 23-353, it was obligated to pay all wages due to Plaintiffs.

112. Defendant failed to timely pay Plaintiffs their wages due without a good faith basis for withholding the wages.

113. Defendant has willfully failed and refused to timely pay wages due to Plaintiffs.

114. As a result of Defendant's unlawful acts, Plaintiffs are entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## **CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray:

A. For the Court to declare and find that the Defendant committed the following acts:

   i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

   ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

   iii. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

   iv. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

   v. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

   vi. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

   vii. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiffs;

B. For the Court to award compensatory damages, including liquidated or double damages, and / or treble damages, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and

declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiffs' reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED January 19, 2023.

**WEILER LAW PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiffs

## **VERIFICATION**

Plaintiffs Indica McWhorter; Brina Martin; Amber Madison; and Eddie Taylor declare under penalty of perjury that they have read the foregoing Verified Complaint and are familiar with the contents thereof. The matters asserted therein are true and based on their personal knowledge, except as to those matters stated upon information and belief, and as to those matters, they believe them to be true.

_____
Indica McWhorter

_____
Brina Martin

_____
Amber Madison

_____
Eddie Taylor

WEILER LAW PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

## **VERIFICATION**

Plaintiffs Indica McWhorter; Brina Martin; Amber Madison; and Eddie Taylor declare under penalty of perjury that they have read the foregoing Verified Complaint and are familiar with the contents thereof. The matters asserted therein are true and based on their personal knowledge, except as to those matters stated upon information and belief, and as to those matters, they believe them to be true.

_____
Indica McWhorter

*Brina Martin*
_____
Brina Martin

_____
Amber Madison

_____
Eddie Taylor

WEILER LAW PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

Doc ID: 6b7257a59c18dfc1e32b2619183d46df877514ea

## **VERIFICATION**

Plaintiffs Indica McWhorter; Brina Martin; Amber Madison; and Eddie Taylor declare under penalty of perjury that they have read the foregoing Verified Complaint and are familiar with the contents thereof. The matters asserted therein are true and based on their personal knowledge, except as to those matters stated upon information and belief, and as to those matters, they believe them to be true.

_____
Indica McWhorter

_____
Brina Martin

_____
Amber Madison

_____
Eddie Taylor

WEILER LAW PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

Doc ID: b24daf4d1c544eb7e25849c40bb4832a2a2754d5

## **VERIFICATION**

Plaintiffs Indica McWhorter; Brina Martin; Amber Madison; and Eddie Taylor declare under penalty of perjury that they have read the foregoing Verified Complaint and are familiar with the contents thereof. The matters asserted therein are true and based on their personal knowledge, except as to those matters stated upon information and belief, and as to those matters, they believe them to be true.

_____
Indica McWhorter

_____
Brina Martin

_____
Amber Madison

*etaylor*
_____
Eddie Taylor